IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS LEE WALKER, | No. C 08-05305 JF (PR) |
| Plaintiff, | ORDER OF DISMISSAL WITH LEAVE TO AMEND |
| vs. | |
| JAMES GLARZA, JR., et al., | |
| Defendants. | |

Plaintiff, a prisoner at the Lovelock Correctional Center in Nevada, has filed a pro se civil rights action under 42 U.S.C. § 1983 alleging claims against Defendants James Glarza Jr., and Efren Gomez. Plaintiff was granted leave to proceed in forma pauperis. The Court now reviews the complaint pursuant to 28 U.S.C. § 1915A(a).

**DISCUSSION**

A.   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable

1  claims or dismiss the complaint, or any portion of the complaint, if the complaint "is
2  frivolous, malicious, or fails to state a claim upon which relief may be granted," or
3  "seeks monetary relief from a defendant who is immune from such relief." Id. §
4  1915A(b). Pro se pleadings must be liberally construed, however. Balistreri v.
5  Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

6      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two
7  elements: (1) that a right secured by the Constitution or laws of the United States
8  was violated, and (2) that the alleged violation was committed by a person acting
9  under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

10 B.    Legal Claims

11     Plaintiff alleges that Defendants Glarza and Gomez sexually harassed him
12 and forced themselves on him while he was sleeping "beside him in bed." (Compl.
13 3.) Plaintiff does not provide any other information with respect to these defendants
14 by which the Court may determine whether these defendants were acting "under the
15 color of state law." Furthermore, the complaint lacks insufficient information for the
16 Court to determine whether Plaintiff has filed this action in the proper venue; there
17 is no information as to where the defendants reside or where the alleged events
18 occurred. See 28 U.S.C. § 1391(b). Accordingly, Plaintiff will be granted leave to
19 amend to cure these deficiencies.

20

21 **CONCLUSION**

22     In light of the foregoing, the Court hereby orders as follows:

23     1.    The complaint is DISMISSED with leave to amend within **thirty (30)**
24 **days** from the date this order is filed to cure the deficiencies described above. The
25 amended complaint must include the caption and civil case number used in this
26 order (08-05305 JF (PR)) and the words FIRST AMENDED COMPLAINT on the
27 first page. Because an amended complaint completely replaces the previous
28 complaints, Plaintiff must include in his amended complaint all the claims he wishes

Order of Dismissal with Leave to Amend
P:\PRO-SE\SJ.JF\CR.08\Walker05305_dwlta.wpd          2

to present and all of the defendants he wishes to sue.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Plaintiff may not incorporate material from the prior complaint by reference.  **Failure to file an amended complaint in accordance with this order will result in dismissal of this action without further notice to Plaintiff.**

    2    It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address."  He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so.  Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

DATED: 3/10/09

JEREMY FOGEL
United States District Judge

Order of Dismissal with Leave to Amend
P:\PRO-SE\SJ.JF\CR.08\Walker05305_dwlta.wpd

3